IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MOHAMED RAMADAN SADEK,

    Petitioner,

v.                                                             No. 1:17-cv-01235-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    In July 2018, Petitioner, Mohamed Ramadan Sadek, filed a *pro se* amended motion to vacate, set aside, or correct his sentence (the "Amended Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 7.) On October 10, 2019, the Court ordered the inmate to show cause, within seven days, why this case should not be dismissed for lack of prosecution for his failure to notify the Clerk of Court of his change of address. (D.E. 15 at PageID 204.) Although warned that failure to comply with the order would result in dismissal of the Amended Petition and the action pursuant to Federal Rule of Civil Procedure 41(b), Petitioner did not respond to the Court's order and the time for doing so has passed. Accordingly, the Petition is DISMISSED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

    A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[1]

IT IS SO ORDERED this 21st day of October 2019.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.